UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NITHIN KUNAL REDDY MANDADI,**<br>    Plaintiff,<br><br>    v.<br><br>**STUDENT & EXCHANGE VISITOR PROGRAM, et al.,**<br>    Defendants. | Civil Action No. 25-1262 (JDB) |

## ORDER

On April 24, 2025, plaintiff filed a complaint and motion for a temporary restraining order ("TRO") contending the government had unlawfully terminated his Student and Exchange Visitor Information System ("SEVIS") record in violation of the Fifth Amendment and the Administrative Procedure Act ("APA"). See Compl. [ECF No. 1] at ¶¶ 2, 72–94; Mot. for TRO [ECF No. 3] at 1–2. Plaintiff alleges that the termination of his SEVIS record has rendered him unlawfully present in the United States, without the authorization to work, and/or unable to comply with the reporting obligations required to maintain his student F-1 visa. See Mem. P. &. A. Supp. Mot. TRO [ECF No. 3-1] at 3, 10–11 ("Mot. TRO"). Hence, plaintiff contends he could be imminently detained and/or removed from the United States. Id. at 11; see Compl. ¶ 8.

At a hearing on April 25, defendants represented that the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") is undertaking the development of a policy that will provide a framework for future SEVIS record terminations, and until that policy is issued, defendants will reactivate plaintiff's SEVIS record. Additionally, during this period of development, the defendants commit to not terminate plaintiff's SEVIS record based solely on the National Criminal Information Center finding that resulted in the instant termination.

1

As of the hearing, however, plaintiff's SEVIS record remained terminated. While representing that they expect the reactivation to occur within a matter of days, defendants could not commit to a timeline for the reactivation. Moreover, defendants would not consent to any form of interim relief.

To secure a TRO, the moving party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that the moving party would suffer irreparable injury if the temporary restraining order were not granted; (3) that such an order would not substantially injure other interested parties; and (4) that such an order furthers the public interest." Sibley v. Obama, 810 F. Supp. 2d 309, 310 (D.D.C. 2011) (citing Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006)).

Plaintiff has met this test. First, plaintiff is likely to succeed at least on his claim that the termination of his SEVIS record violates the APA, including that it was arbitrary and capricious, lacked reasoned decisionmaking, and violated due process. Defendants' decision to reactivate the SEVIS records of plaintiff and scores of others virtually concedes as much. The termination of plaintiff's SEVIS record was likely a final agency action, because it marked the consummation of DHS's decisionmaking process as to his SEVIS record and had legal consequences—namely the loss of his immigration status, work authorization, and/or ability to comply with his visa reporting obligations. See Bennett v. Spear, 520 U.S. 154, 177–78 (1997); Mot. TRO at 9–10; see also, e.g., Jie Fang v. Dir. U.S. Immigr. & Customs Enforcement, 935 F.3d 172, 182–84 (3d Cir. 2019) (termination of F-1 visa status is a final agency action). Plaintiff contends that he did not receive notice or an opportunity to be heard prior to the termination, and the government did not provide the factual basis for the SEVIS record termination. See Compl. ¶¶ 11, 59.

Second, plaintiff has demonstrated irreparable harm. When defendants terminated his SEVIS status, they also terminated his STEM Optional Practical Training work authorization,

which had permitted plaintiff to secure employment in his field of study. See id. ¶¶ 1, 6, 8, 51; Mot. TRO at 10.  The loss of his work authorization puts plaintiff "in an extremely difficult financial and academic position" because his work is both a source of income and a "core component" of his master's degree.  See Compl. ¶ 8; Mot. at 10–12.  These are "certain and great" harms.  See, e.g., Chaplaincy of Full Gospel Churches, 454 F.3d at 297–98.  Moreover, defendants could not represent whether, until his SEVIS record is reactivated, the government assesses that plaintiff is in the United States lawfully.  And although ICE is conducting frequent enforcement actions as to foreign students, defendants could not commit that ICE will not conduct such an action against plaintiff before his SEVIS record is reactivated.

As to the third and fourth factors, which merge here, see Nken v. Holder, 556 U.S. 418, 435 (2009), issuing a TRO will not harm the government.  As defendants have represented that DHS will reactivate plaintiff's SEVIS record as soon as it can, and likely within a matter of days, this Court's Order simply provides that same relief now.

For these reasons, and upon consideration of [3] plaintiff's motion for a TRO, the arguments made at the hearing held on April 25, 2025, the defendants' representations, and the entire record herein, it is hereby

**ORDERED** that plaintiff's motion is **GRANTED**; it is further

**ORDERED** that until defendants have reactivated plaintiff's SEVIS record, defendants shall treat plaintiff as they would have before the termination of his SEVIS record; and it is further

**ORDERED** that within five business days of the reactivation of plaintiff's SEVIS record, the parties shall confer and submit a joint status report suggesting a timeline for further proceedings, if any, in this case.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 25, 2025